IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**REDAN NORMAN,**  CASE NO. 2:06-cv-234
  JUDGE HOLSCHUH
 Petitioner, MAGISTRATE JUDGE KING

v.

**ERNIE MOORE, Warden,**

 Respondent.

## OPINION AND ORDER

On January 26, 2007, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 be dismissed as barred by the one-year statute of limitations under 28 U.S.C. §2244(d). Petitioner has filed objections to the Magistrate Judge's recommendation. For the reasons that follow, petitioner's objections are **OVERRULED**, and this action is hereby **DISMISSED** as untimely filed.

As detailed in the Magistrate Judge's *Report and Recommendation*, the statute of limitations expired on November 30, 2001. Petitioner, however, waited more than four years later, until March 18, 2006, to file the instant federal habeas corpus petition. Petitioner nonetheless objects to the dismissal of his §2254 petition as time-barred. He raises all of the same arguments that were previously presented.

Petitioner again argues that his habeas corpus petition is timely because the trial court improperly failed to notify him of the dismissal of his petition for post conviction relief, indicating instead in its judgment of dismissal of post conviction proceedings that it was denying a motion for a new trial. Petitioner also asserts that equitable tolling of the statute of limitations is appropriate because he is a *pro se* litigant, and lacked the knowledge and notice of filing requirements.

These arguments are not persuasive. As noted by the Magistrate Judge, even assuming that petitioner was unaware of the trial court's October 31, 2000, dismissal of his May 1999, petition for post conviction relief, petitioner waited an additional six years before initiating federal habeas corpus proceedings, instead pursuing improper and untimely collateral actions in the state courts.

> The Supreme Court has explained that "[w]e have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). However, "[w]e have generally been much less forgiving ... where the claimant failed to exercise due diligence in preserving his legal rights." *Id.; cf. Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 151, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984)("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.")

*Jurado v. Burt*, 337 F.3d 638, 642-43 (2003). Further, lack of actual notice, and "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing. *Fisher v. Johnson,* 174 F.3d 710, 714-15 (5th Cir.1999); *see also United States v. Baker,* 197 F.3d 211, 218 (6th Cir.1999); *Rose v. Dole,* 945 F.2d 1331, 1335 (6th Cir.1991).

> Even those not versed in the law recognize the centuries-old maxim that "ignorance of the law is no excuse." This maxim, deeply embedded in our American legal tradition, reflects a presumption that citizens know the requirements of the law. The benefits of such a presumption are manifest. To allow an ignorance of the law excuse would encourage and reward indifference to the law. Further, the difficulty in proving a defendant's subjective knowledge of the law would hamper criminal prosecutions.

*United States v. Baker, supra*, 197 F.3d at 218. The record fails to reflect that petitioner's lack of

2

education prevented him from litigating his claims for the time period at issue.

Petitioner additionally again contends that his actual innocence justifies equitable tolling of the statute of limitations. In support of this allegation, petitioner has attached an affidavit from his attorney, Ronald B. Janes, dated February 5, 1999, in support of petitioner's request for a new trial. *See Exhibits to Petition*. Additionally, petitioner has attached the February 2, 1999, affidavit of Donald Anderson, petitioner's co-defendant. Anderson states that Williams was choking Arlynda Purvis at the time that petitioner shot Williams, but that he did not testify at petitioner's trial on the advice of his attorney. *Id.* Petitioner has also attached letters dated January 17, 2007, and October 4, 2004, and an affidavit dated September 3, 2004, from prosecution witness Arlynda Heard, recanting her trial testimony. Heard states that she lied at trial because the prosecutor threatened her with criminal charges, and because she did not want her husband to find out that she was pregnant with Williams' child. *See Exhibits to Objections*. Contrary to her trial testimony, Heard states in her letters and affidavit that she was being choked by Williams at the time that petitioner shot Williams. *Id*.

A credible showing of actual innocence may justify equitable tolling of the statute of limitations. *See Souter v. Jones*, 395 F.3d 577, 602 (6th Cir. 2005)*:*

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup,* 513 U.S. at 316, 115 S.Ct. 851. Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id.* at 317, 115 S.Ct. 851. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a

3

> reasonable doubt." ... *Id.* at 327, 115 S.Ct. 851. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, or critical physical evidence-that was not presented at trial." *Schlup,* 513 U.S. at 324, 115 S.Ct. 851. ... [T]he actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.' " *Id.* at 321, 115 S.Ct. 851.

*Id.*, at 589-90 (footnote omitted).

> [A]lthough "[t]o be credible" a gateway claim requires "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial," [*Schlup v. Delo*, 513 U.S. 298], at 324, 115 S.Ct. 851, the habeas court's analysis is not limited to such evidence.... *Schlup* makes plain that the habeas court must consider " 'all the evidence,' " old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under "rules of admissibility that would govern at trial." ... Based on this total record, the court must make "a probabilistic determination about what reasonable, properly instructed jurors would do." 513 U.S., at 329, 115 S.Ct. 851. The court's function is not to make an independent factual determination about what likely occurred, but rather to assess the likely impact of the evidence on reasonable jurors. *Ibid*.
>
> ... [T]he *Schlup* standard does not require absolute certainty about the petitioner's guilt or innocence. A petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt-or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt.

*House v. Bell*, 126 S.Ct. 2064, 2077 (2006)(citations omitted).

Recantation by a prosecution witness may not constitute newly discovered evidence that would justify equitable tolling of the statute of limitations,

> since cross-examination at trial affords defense counsel an opportunity to discover and reveal the motivation for, and the alleged falsity of, the witness' testimony.

4

*Davis v. Jackson,* 2006 WL 54421 (E.D. Michigan January 10, 2006), *citing Hankison v. Board of Prison Terms,* 768 F.Supp. 720, 723 (C.D. Cal.1991)(internal citations omitted). In view of her prior trial testimony, Heard's recantation is not reliable. The recantation by a prosecution witness is viewed with "extreme suspicion." *Davis v. Jackson, supra*, citing *United States v. Chambers,* 944 F.2d 1253, 1264 (6th Cir.1991)("[A] repudiated recantation can never be reliable enough to satisfy [the requirements of] *Schlup.); Carriger v. Stewart,* 132 F.3d 463, 482 (9th Cir.1997). Anderson's affidavit likewise is not reliable evidence, since Anderson assisted petitioner in disposing of Williams' body and was charged criminally as a result of his participation in Williams' death, and because Anderson refused to testify at petitioner's trial. After careful review of the entire record, this Court remains unpersuaded that this is one of those extraordinary cases where petitioner has demonstrated that he is actually innocent, *i.e.*, that it is more likely than not, in view of the evidence he has submitted, that no reasonable juror would find him guilty beyond a reasonable doubt. *See House v. Bell, supra*.

Pursuant to 28 U.S.C. 636(b)(1), this Court has conducted a *de novo* review of those portions of the *Report and Recommendation* objected to by petitioner. For the foregoing reasons, and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. §2244(d).

The Clerk is **DIRECTE**D to enter final judgment dismissing this case.

**IT IS SO ORDERED.**

Date: March 23, 2007

/s/ **John D. Holschuh**
JOHN D. HOLSCHUH
United States District Judge

5